JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Thomas V.H. Vail, Jr. ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we reverse and remand to the lower court.
 I. {¶ 2} In December 1984, appellant was the life income beneficiary of a trust established for him by his great-grandmother. Appellant also expected to receive a very substantial distribution of principal from trusts of which his mother was the life income beneficiary. After appellant's death, the various trusts would pass to his children. At the time, plaintiff-appellee, Julia B. Vail ("appellee"), was a 25-year-old attorney, and appellant was a 29-year-old attorney. The parties were married on January 12, 1985, and two children were born as issue of the marriage, namely, Thomas (DOB 6-16-89) and Robert (DOB 4-2-93).
 {¶ 3} Prior to the marriage, the parties entered into a prenuptial agreement. The agreement states in pertinent part:
"In the event of a divorce, dissolution * * * no alimony, support or separate maintenance, temporary or permanent, shall be awarded to either party. Each of the parties agrees that all items of property, real and personal, tangible and intangible, (i) titled in the names of both of the parties * * * shall be divided equally between the parties; * * *.
"Any of the foregoing assets that the parties cannot mutually agree to divide shall be sold and the proceeds divided evenly between the parties * * *."[1]
 {¶ 4} Attached and made part of the prenuptial agreement was a statement of the assets owned by each party. At the date of the agreement, Mr. Vail's assets included a brokerage account at City Trust Company valued at $65,000; a checking account with a balance of $55,000; a 1956 Mercedes 300 SL automobile valued at $50,000; a 1981 Alfa Romeo GTV6 automobile valued at $8,000; and a Honda VF 500F motorcycle valued at $3,000. Mrs. Vail disclosed assets of jewelry and personal effects valued at $20,000; a 1984 Volkswagon GTI automobile valued at $8,000; and a checking account with a balance of $2,000.
 {¶ 5} Later, in June 2001, Mr. Vail's parents gifted a nine-acre tract of land in Hunting Valley to the parties, which is the subject of the instant appeal. The record reveals the property is completely surrounded by approximately three hundred acres of Mr. Vail's parents' property. Mr. Vail's parents reserved an option to purchase the gifted property if there was the possibility of a transfer to a nonlineal descendant.
 {¶ 6} On March 13, 2002, Mrs. Vail filed for divorce, attached a copy of the prenuptial agreement to the complaint and prayed for a division of the property consistent with the agreement. Mr. Vail also attached a copy of the prenuptial agreement to his answer, his third-party complaint and his counterclaim for divorce, and urged the court to enforce the terms of the agreement.
 {¶ 7} The parties stipulated to the resolution of nearly every issue in the divorce. They adhered to the prenuptial agreement by stipulating that neither party would pay spousal support to the other and allocating their separate and marital property as defined by the agreement.
 {¶ 8} The only item of marital property not allocated by stipulation was the aforementioned vacant land gifted to them by Mr. Vail's parents. The case eventually proceeded to trial on January 29, March 4 and 5, 2003, on the sole issue of the disposition of the nine-acre tract of land in Hunting Valley. The trial court issued a judgment entry on June 27, 2003. Appellant timely filed his notice of appeal with this court on July 11, 2003, and this court announced its decision on April 29, 2004. See Vail v. Vail, Cuyahoga App. 83145, 2004-Ohio-2158 (hereinafter referred to as "Vail I").
 {¶ 9} In its decision, this court found that the trial court erred by not abiding by the terms of the prenuptial agreement in dividing the parties' property. Vail I, page 10. Specifically, the trial court erred by not ordering the sale and the equal division of the proceeds of the sale of the parties' Hunting Valley property. Upon remand, the trial court initially complied with this court's instructions in Vail I. On June 1, 2004, the trial court ordered the property to be sold by Realty One.
 {¶ 10} However, on October 28, 2004, the trial court sua sponte issued an order partitioning the property and ordering the partitioned property to be held in trust for the parties' children's higher education costs. In addition, the docket indicates that neither party filed any motions with the trial court after the June 1 order. Appellant filed the parties' second appeal with this court on January 3, 2005, and appellee filed her answer brief on January 26, 2005. Appellee actually concurred with appellant in her brief when she stated the following:
"Appellee concurs with appellant's statement of facts, statement of the case, and assignments of error and joins with [appellant] in requesting that this Honorable Court reverse the trial court's order of October 28, 2004."
 {¶ 11} This appeal now follows.
 "II. {¶ 12} Appellant's first assignment of error states the following: "The trial court erred by failing to follow the mandate of this Court of Appeals." Appellant's second assignment of error states the following: "The trial court erred by ordering the parties to pay for the college education of their children."
 {¶ 13} An appellate court reviews the overall appropriateness of a trial court's property division pursuant to divorce proceedings under an abuse-of-discretion standard. Kelly v.Kelly (June 12, 1996), Hamilton App. No. C-950597.
 {¶ 14} Furthermore, proper consideration of appellant's arguments requires a brief review of the doctrine of the "law of the case." The law of the case doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. Thus, whereat a rehearing following remand a trial court is confronted withsubstantially the same facts and issues as were involved in theprior appeal, the court is bound to adhere to the appellatecourt's determination of the applicable law. Moreover, the trialcourt is without authority to extend or vary the mandate given.
(Emphasis added.) Nolan v. Nolan (1984), 11 Ohio St.3d 1.
 {¶ 15} In Vail I, this court found that the trial court did not properly adhere to the parties' valid prenuptial agreement. Specifically, this court stated the following:
"We find the trial court erred by not abiding by the terms of the prenuptial agreement in dividing the property. The agreement provided for an equal division of jointly held property, and stipulated if the parties failed to agree on the disposition of such property, then the property must be sold and the proceeds divided equally. The land was titled to both parties and the necessity of a trial evinced the parties' failure to agree on the disposition. This being the case, the trial court should haveordered the property sold and the proceeds divided equallybetween the parties."
(Emphasis added.)
 {¶ 16} This court then remanded the case to the trial court, "* * * with specific instructions that it should follow the dictates of the Prenuptial Agreement."[2] The trial court initially complied with the remand on June 1, 2004, when it ordered the property to be sold and appointed a real estate agent to sell the property.
 {¶ 17} However, this order was essentially reversed on October 28, 2004 when the lower court issued an order partitioning the property with separate trusts. The order purports to partition the property into two 4.5-acre parcels and awards each party one of the parcels to hold in trust for the benefit of the minor children until the oldest child reaches the age of majority; then the property is to be sold. One-half of the proceeds of the sale is to be used to fund each son's higher education costs.
 {¶ 18} According to the terms of the prenuptial agreement, the property must be sold immediately. However, the lower court's order does not allow for this. The trial court's order compels the parties to wait years before selling the property. There is no provision in the prenuptial agreement mandating that the parties wait a specific amount of time prior to selling the property. Yet the trial court's second order mandates that the parties wait three years, i.e., until the oldest child reaches the age of majority, before selling the property.
 {¶ 19} In addition, the trial court also runs afoul of the prenuptial agreement when it requires the partition of jointly titled assets before sale.[3] Nowhere in the agreement does it require the partition of assets before sale. Furthermore, the trial court's order does not divide the proceeds of sale evenly between the parties. Instead, the October 28 order allocates the proceeds of sale specifically for the higher education costs of the minor children.
 {¶ 20} The lower court's October 28, 2004 order does not comply with the prenuptial agreement and is, therefore, in conflict with this court's remand in Vail I. We find the trial court's actions to be unreasonable and arbitrary, thereby constituting an abuse of discretion. The evidence in the case at bar sufficiently demonstrates that the trial court erred by failing to follow the mandate of this court.
 {¶ 21} Accordingly, appellant's first assignment of error is sustained. Appellant's remaining error is moot. App.R. 12(A)(1)(c).
Judgment reversed and case remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Cooney, J., Concur.
[1] Prenuptial agreement, p. 4.
[2] Vail I, paragraph 34.
[3] See defendant's exhibit C, p. 4.