[Cite as *Saari v. Saari*, 195 Ohio App.3d 444, 2011-Ohio-4710.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

SAARI,

    Appellee,

    v.

SAARI,

    Appellant.

C.A. No.     10CA009851

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    07DR068346

Appellee, pro se.
Appellant, pro se.

DECISION AND JOURNAL ENTRY

Dated: September 19, 2011

---

CARR, Presiding Judge.

{¶ 1} Appellant, Scott Saari, appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This court affirms in part and reverses in part.

I

{¶ 2} Scott Saari ("Husband") and Patricia Saari ("Wife") were married in June 2004 and divorced in October 2008. Husband appealed the trial court's judgment entry of divorce in regard to several orders arising out of the court's interpretation of the parties' prenuptial agreement. This court reversed that judgment in part and remanded to the trial court for further proceedings consistent with our opinion. *Saari v. Saari*, 9th Dist. No. 08CA009507, 2009-Ohio-4940 ("*Saari I*"). On remand, the domestic relations court held a status conference and ordered

that the parties may file proposed judgment entries based on this court's decision. The trial court scheduled the matter for another status conference on May 18, 2010.

{¶ 3} In the meantime, Husband filed a motion for reimbursement of spousal-support fees and a motion for interest on the monies Wife must pay Husband as a result of this court's decision. In addition, Husband filed a proposed judgment entry in which he recited the monies Wife owed Husband, based on this court's decision, including spousal-support processing fees, plus interest. Husband's proposed order stated that all payments shall be made within 30 days of the journalization of the trial court's order. Before the trial court entered a final judgment, Husband also filed a motion for dividing the parties' interests in the marital real estate. Wife did not file a proposed judgment entry.

{¶ 4} On May 26, 2010, the domestic relations court issued a "judgment" in which it dismissed all the pending motions as premature, further noting that it had not yet issued a "final decision based upon the Decision rendered by the Court of Appeals." The court further cancelled a hearing that it had apparently scheduled for June 4, 2010, although the record contains no formal scheduling order. On June 23, 2010, with no indication of any hearing on the matter, the trial court rejected Husband's proposed judgment entry and issued a judgment purported to effect the mandates of this court's September 21, 2009 opinion.

{¶ 5} This court had concluded that the trial court erred in finding the spousal-support provision of the parties' prenuptial agreement to be void as unconscionable and in awarding spousal support to Wife in the amount of $4,000 per month for a term of 12 months. *Saari I*, 2009-Ohio-4940. On remand, the domestic relations court ordered Wife to reimburse Husband $48,000, the amount he paid ostensibly as spousal support. Specifically, the trial court ordered the reimbursement of the erroneously ordered spousal support by directing Wife to pay Husband

directly the sum of $250 per month until the total of $48,000 was repaid, a feat that would take 16 years to accomplish. Moreover, while the trial court ordered the reimbursement to Husband of $1,030.23 in processing fees procured from him by Lorain County Child Support Enforcement Agency ("CSEA"), it did not order the reimbursement of processing fees procured by his employer, National City Bank. The trial court ordered Wife to reimburse Husband within 30 days for three payments this court concluded that the trial court erroneously ordered Husband to make in contravention of the terms of the parties' prenuptial agreement. Finally, the domestic relations court ordered Wife to pay Husband an additional six percent of the amount of the proceeds from the sale of the marital residence within 30 days, which amount the trial court believed would represent Husband's 46 percent share of equity in the home pursuant to the terms of the parties' prenuptial agreement. Husband filed a timely appeal, raising three assignments of error for review. Some assignments of error have been consolidated to facilitate review.

II

Assignment of Error I

The trial court abused its discretion in ordering the repayment of spousal support of $48,000, at a rate of $250.00 per month for a period of 16 years to the defendant, at no interest.

Assignment of Error II

The trial court erred when ordering the reimbursement to the defendant, [omitting] processing charges associated with the payment of spousal support to the plaintiff.

{¶ 6} As a preliminary matter, this court notes that appellee Wife has failed to file an appellee's brief. Accordingly, we may accept appellant Husband's statement of the facts and issues as correct and reverse the judgment if Husband's brief reasonably appears to sustain such action. App.R. 18(C); see also *Akron v. Carter*, 9th Dist. No. 22444, 2005-Ohio-4362, at ¶ 3.

{¶ 7} Husband argues that the trial court erred by ordering Wife to reimburse, through monthly payments of $250without interest, the $48,000.00 he was required to pay pursuant to an unlawful spousal-support order. In addition, Husband argues that the trial court erred by failing to order the reimbursement of processing fees associated with the withholding of the unlawfully ordered spousal support. This court agrees.

{¶ 8} As a general rule, appellate courts review the propriety of a trial court's determination in a domestic relations case for an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144. This is true because the domestic relations court, as a court of equity, "must have discretion to do what is equitable upon the facts and circumstances of each case." Id., citing *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355. Specifically, this court recognizes the domestic relations court's broad discretion regarding matters involving spousal support. See *Abram v. Abram* (Jan. 9, 2002), 9th Dist. No. 3233-M.

{¶ 9} In *Saari I*, this court concluded that the domestic relations court erred when it found the spousal-support provision of the parties' prenuptial agreement to be unconscionable and awarded spousal support to Wife. On remand, the domestic relations court was mandated to vacate the prior spousal-support order and issue any orders necessary to return Husband to a position as if he had never been obligated to pay spousal support. The trial court's sua sponte June 23, 2010 judgment constitutes an unreasonable attempt to effect that mandate.

{¶ 10} When ordering Wife to pay to Husband other monies pursuant to this court's decision in *Saari I*, the trial court ordered Wife to make those payments within 30 days of the journalization of the lower court's judgment entry. However, when ordering Wife to reimburse Husband for the spousal support he was wrongfully ordered to pay over the course of one year, the domestic relations court did not order the immediate repayment in full. Rather, its order

allowed Wife to pay that same amount over a period of 16 years. In other words, Husband was forced to wait 16 times as long to recover a substantial sum of money that he was never legally obligated to pay in the first instance. This court has found no legal authority addressing a lower court's authority to institute a repayment plan to a party who was wrongfully ordered to pay a judgment, and we do not here decide that issue. We conclude, however, that an order that allows a party who wrongfully obtained a judgment for spousal support to repay the unlawfully obtained money, without interest, over a period of time consisting of 16 times the length of time in which she acquired the windfall is unreasonable and arbitrary. In fact, such a long-term reimbursement schedule is grossly unreasonable. Accordingly, the domestic relations court abused its discretion by ordering Wife to repay Husband $250 per month, without interest, until she had reimbursed him for the entire $48,000 he paid over the course of one year. Husband's argument in support of his first assignment of error is well taken

{¶ 11} Husband next challenges the domestic relations court's failure to order the reimbursement of processing fees associated with his spousal-support payments. Although the trial court ordered CSEA to reimburse to Husband the $1,030.23 it collected for processing fees, Husband argues that the agency has a pending motion to intervene in the action below and a companion motion to vacate the trial court's judgment in regard to agency-processing fees. The record does not contain any indication that the trial court has ruled on the agency's motions. Accordingly, this court declines to address Husband's argument in this regard because it is not yet ripe for consideration.

{¶ 12} Husband next argues that the domestic relations court erred by failing to order Wife to repay him for the amount of money retained by his employer as service charges

associated with its compliance with the trial court's spousal-support withholding order.  This court agrees.

{¶ 13} R.C. 3121.03 requires a court that issues a support order to issue a withholding notice to the obligor's employer (the "payor").  R.C. 3121.037(A)(12) requires that such withholding notice contain a statement that the employer "may withhold a fee from the obligor's income as a charge for its services in complying with the [withholding] notice."  R.C. 3121.18 establishes that fee as "the greater of two dollars or an amount not exceeding one per cent of the amount withheld."

{¶ 14} Husband's employer withheld $469.78 in processing fees associated with its compliance with the spousal-support withholding order.  It is axiomatic that because Husband never had any lawful obligation to pay spousal support, he should never have been subjected to the loss of income in the form of processing fees associated with the erroneous withholding order.  While Wife did not receive those additional monies withheld as fees, she benefitted from the employer's processing of the support order pursuant to the withholding notice.

{¶ 15} It has long been held that as "between two innocent parties, he who has caused the loss shall bear it." *Forbes & King v. Espy, Heidelbach & Co.* (1871), 21 Ohio St. 474, 479.  See also 42 Ohio Jurisprudence 3d (1980) Estoppel and Waiver, Section 53 ("Estoppel by negligence is said to be an application of the general principle of equity that when one of two innocent persons must suffer a loss, the loss must fall on the one who made the loss possible or who could have prevented it. * * * This may be true even where no positive fault has been committed by the one bringing about the situation, but more especially if there has been any carelessness on his part which caused or contributed to the loss")  In her complaint for divorce, Wife prayed for certain relief, including "an award of such further relief as this Court may find just and

equitable." Fifteen days later, she filed a motion for temporary spousal support. Husband filed a counterclaim for divorce in which he alleged that the parties' prenuptial agreement precluded either party from paying spousal support to the other. In Wife's answer to Husband's counterclaim, she denied Husband's allegation in regard to the spousal-support provision of the prenuptial agreement. Wife continued to challenge the validity of the prenuptial agreement, and the trial court held a hearing on the issue, ultimately upholding the validity of the agreement, with the exception of the spousal-support provision. The domestic relations court awarded spousal support to Wife based on her request for it and the court's finding that the spousal-support provision was unconscionable. This court concluded that the trial court had erred by awarding spousal support to Wife. Wife's active pursuit of an award of spousal support despite the provision in the parties' prenuptial agreement precluding such an award caused Husband to suffer an additional loss of income associated with his unwarranted payment of spousal support. Husband's employer provided a service for which it had a right to be compensated. Of the remaining innocent parties, Wife, as the party who caused the loss, should be the one to bear it. Accordingly, the domestic relations court abused its discretion by failing to order Wife to reimburse Husband for the $469.78 retained as fees by his employer in connection with complying with the withholding order. Husband's argument in regard to his second assignment of error is well taken.

{¶ 16} The domestic relations court's long-term repayment plan, without any provision for the payment of interest or the reimbursement of all processing charges, is in conflict with the court's remand in *Saari I*. See *Vail v. Vail*, 8th Dist. Nos. 85587 and 85590, 2005-Ohio-4308, at ¶ 20. Accordingly, the trial court abused its discretion in its issuance of an unreasonable and arbitrary judgment. Husband's first and second assignments of error are sustained.

## Assignment of Error III

The trial court erred in deviating from the decision and journal entry of the court of appeals and the terms of the prenuptial agreement in terms of dividing the parties' separate interests in the marital real estate and in unequally dividing the marital interest in said property[.]

{¶ 17} Husband argues that the domestic relations court erred by failing to carry this court's mandate regarding the division of the marital home into execution. This court disagrees.

{¶ 18} In *Saari I*, this court concluded that the domestic relations court erred by ordering that Husband was entitled to 40 percent of the proceeds from the sale of the parties' marital home instead of the 46 percent as determined by his equity interest as set forth in the prenuptial agreement. *Saari I*, 2009-Ohio-4940, at ¶ 21-23. On remand, the domestic relations court ordered Wife to pay Husband "an additional 6% of the amount of the proceeds from the sale of the marital residence." By that order, the trial court complied with the mandate of this court and ordered the distribution of the marital residence pursuant to the terms of the parties' prenuptial agreement.

{¶ 19} Husband argues that Wife paid him an additional $7,720.28 which "[s]he calculated" to be the additional six percent of the proceeds. Husband argues that he is entitled to an additional $2,496.87. Based on the total proceeds from the sale of the home ($128,670.38) and the amount that Husband has received from the proceeds ($56,691.46), he is correct. However, that Wife has not yet paid Husband an amount that represents his full 46 percent interest in the marital property is not trial-court error. The domestic relations court entered the appropriate order on remand. If Wife has not fully complied with that order, Husband's recourse lies before the trial court, not this one. Husband's third assignment of error is overruled.

III

**{¶ 20}** Husband's first assignment of error is sustained. His second assignment of error is sustained as it relates to processing fees withheld by his employer. Husband's third assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

———

WHITMORE and DICKINSON, JJ., concur.