[Cite as *Carter v. Carter*, 2012-Ohio-2475.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| DON D. CARTER | | C.A. No.   25981 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KIMBERLY CARTER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.   1996-05-1301 |

DECISION AND JOURNAL ENTRY

Dated: June 6, 2012

CARR, Presiding Judge.

**{¶1}** Appellant, Kimberly Carter, appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms in part and reverses in part.

I.

**{¶2}** Don and Kimberly Carter were divorced in 1997. One child was born of the marriage. Pursuant to the parties' agreement which was incorporated into the divorce decree, Don was required to pay one-half of all college-related expenses for the child, if the child decided to attend college. The child matriculated at Morehouse College in the fall of 2006.

**{¶3}** On July 26, 2007, Kimberly filed a motion to enforce the parties' judgment entry of divorce regarding the payment of post-secondary educational expenses and a motion for Don to appear and show cause why he should not be held in contempt for failing to pay his share of the child's college expenses. On November 14, 2007, the domestic relations court found Don in contempt and sentenced him to fifteen days in jail. The court gave Don an opportunity to purge

the contempt by making arrangements with Kimberly to pay his arrearages in regard to the child's college expenses for the 2006-2007 academic year by way of regular installment payments. The trial court then scheduled a further hearing to determine whether Don had purged his contempt. In addition, the domestic relations court awarded judgment to Kimberly in the amount of $256.33 for expenses incurred in the prosecution of the contempt motion and in the amount of $5,009.62 for Don's share of the child's college expenses for the fall semester of the 2007-2008 academic year, plus eight percent interest. The court further ordered that Don's obligation to pay one-half of the child's college expenses remained in effect, so that he would continue to incur such an obligation for future semesters.

{¶4} After the purge hearing on May 9, 2008, the domestic relations court found that Don had successfully purged his contempt by entering into an agreement with Kimberly to pay her $600 per month until he had completely paid one-half of the child's college expenses for the child's first two years of college. The court ordered Don to continue paying Kimberly $600 per month until he had completely paid his one-half share of the child's college expenses for the first two years of college. As the child's third year in college had not yet begun, the domestic relations court ordered that Don, at his option, could arrange to pay his half of the child's future tuition obligations directly to Morehouse College as long as he properly made such payments in compliance with the installment payment plan offered by the college.

{¶5} On September 23, 2010, after the child had graduated from college, Kimberly filed a motion to enforce the June 2008 order regarding the payment of post-secondary educational expenses and a motion for Don to appear and show cause why he should not be held in contempt for failing to pay his remaining share of the child's college expenses. Kimberly averred in an affidavit attached to the motion that Don had violated the court's 2008 order by (1)

failing to fully pay his share of the child's college expenses for the first two years of college, and (2) failing to pay his share of the child's college expenses for the child's third and fourth years of college.

{¶6} The matter was heard by a magistrate who denied Kimberly's contempt motion and ordered Don to continue to pay Kimberly $600 per month until he had paid a total of $42,894.40, inclusive of all payments he had already made. Kimberly filed timely objections. The domestic relations court overruled Kimberly's objections, refused to hold Don in contempt, but ordered Don to continue to pay Kimberly $600 per month until he had paid a total of $38,394.40 in addition to the $18,100.00 he had already paid, for a grand total of $56,494.40. Kimberly filed a timely appeal in which she raises three assignments of error for review.

{¶7} As a preliminary matter, this Court notes that appellee Don Carter has failed to file an appellee's brief. Accordingly, we may accept appellant Kimberly Carter's statement of the facts and issues as correct and reverse the judgment if Kimberly's brief reasonably appears to sustain such action. App.R. 18(C); *see also Akron v. Carter*, 9th Dist. No. 22444, 2005-Ohio-4362, ¶ 3.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY ORDERING THE PLAINTIFF-APPELLEE, DON CARTER, TO PAY ONLY $38,394.40 TO THE DEFENDANT IN VIOLATION OF THE COURT'S JUDGMENT ENTRY OF NOVEMBER 14, 2007[] AND THE FINAL JUDGMENT OF DIVORCE.

{¶8} Kimberly argues that the trial court erred by rendering judgment in her favor of only $38,394.40. This Court agrees.

{¶9} Specifically, Kimberly argues that the trial court erred by failing to include in the judgment a sum representing to date eight percent interest on the unpaid balance of Don's share

of the child's college expenses for the first two years of college, as well as her yet unpaid expenses ($256.33) plus eight percent interest on that amount, as previously ordered by the trial court on November 14, 2007. We construe this assignment of error as one which argues that the judgment is against the manifest weight of the evidence.

{¶10} The Ohio Supreme Court recently clarified the civil manifest weight of the evidence standard of review, holding that it mirrors the criminal standard. *Eastley v. Volkman*, Slip Opinion No. 2012-Ohio-2179. Accordingly, we apply the following review:

> When the manifest weight of the evidence is challenged, "[a]n appellate court conducts the same manifest weight analysis in both criminal and civil cases." *Ray v. Vansickle*, 9th Dist. Nos. 97CA006897 and 97CA006907, 1998 WL 716930 (Oct. 14, 1998). "'The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). Moreover, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]." *Karches v. Cincinnati*, 38 Ohio St.3d 12, 19 (1988). Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict * * * and judgment, most favorable to sustaining the trial court's verdict and judgment." *Id*.

*Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001).

{¶11} Moreover,

> Weight of the evidence concerns the tendency of a greater amount of credible evidence to support one side of the issue more than the other. *Thompkins*, 78 Ohio St.3d at 387. Further when reversing a [judgment] on the basis that it was against the manifest weight of the evidence, an appellate court sits as a "thirteenth juror," and disagrees with the factfinder's resolution of the conflicting testimony. *Id*.

*State v. Tucker*, 9th Dist. No. 06CA0035-M, 2006-Ohio-6914, ¶ 5. This discretionary power should be exercised only in exceptional cases where the evidence presented weighs heavily in favor of the appellant and against the judgment. *Thompkins*, 78 Ohio St.3d at 387.

{¶12} The domestic relations court awarded judgment to Kimberly in an amount which included one-half of the college expenses incurred by the child for tuition, fees, housing, and meals only.

{¶13} Kimberly had moved for contempt based on Don's failure (1) to pay his share of the child's college expenses for the first two years, and (2) to pay his share of the child's college expenses for the second two years. She had also moved to enforce only the trial court's June 2008 order, which was issued after the purge hearing and only referenced Don's obligation to continue to pay his share of the child's college expenses. Pursuant to the court's November 2007 order, Don was ordered to pay eight percent interest on the unpaid balance of his share of the child's college expenses for the first two years of college. That interest became part of his share of the college expenses due for the child's first two years. Accordingly, the court's June 2008 order which reiterated Don's obligation to continue to make installment payments for his share of the first two years' college expenses until they were paid in full necessarily included the accumulated interest. Kimberly made this argument at the hearing and referenced the trial court's previous order. Moreover, while she presented evidence of the expenses incurred for the child's first two years of college, she informed the court that those amounts did not include the eight percent interest to which she was entitled. Under these circumstances, a review of the record compels this Court to conclude that this is not the exceptional case where the evidence weighs heavily in favor of Don. The weight of the evidence supports the conclusion that Kimberly was entitled to judgment in an amount which included the accumulated interest on Don's unpaid balance for the child's college expenses for the first two years. Kimberly's first assignment of error is well taken in this regard.

{¶14} Kimberly also argues that the trial court erred by failing to include in the judgment an amount representing Don's obligation to pay her costs of prosecuting her July 26, 2007 contempt motion. The trial court's November 14, 2007 order directed Don to pay $256.33 for those costs, plus eight percent interest. However, Kimberly did not move to enforce that order or reference it in her September 23, 2010 motions. Instead, she moved to enforce the June 2008 purge order which did not reference those costs; and she moved for contempt in regard to Don's failure to pay college expenses, not those costs. Kimberly is entitled to payment from Don for the $256.33 costs plus interest pursuant to the November 14, 2007 order. However, she neither moved to enforce that order nor cited the lack of payment for those costs in her contempt motion in the instant matter. Moreover, she presented no evidence in regard to Don's failure to pay those costs. Accordingly, the trial court did not err by failing to include those amounts in its May 20, 2011 judgment. Kimberly's first assignment of error is not well taken in this regard.

{¶15} Kimberly's first assignment of error is sustained in regard to the domestic relations court's failure to render judgment in consideration of that court's prior award of eight percent interest on Don's unpaid balance with respect to the child's expenses from his first two years of college.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING THE PLAINTIFF-APPELLEE, DON CARTER, TO CONTINUE TO PAY $600.00 PER MONTH TO THE APPELLANT UNTIL HE HAD PAID $38,394.40 (ALLEGEDLY DON'S REMAINING TOTAL FOR FOUR YEARS OF COLLEGE) BECAUSE THIS OVERRIDES ITS PRIOR COURT ORDER OF JUNE 17, 2008 WHICH REQUIRED PLAINTIFF-APPELLEE, DON CARTER, TO PAY $600.00 PER MONTH TOWARD THEIR SON'S *FIRST TWO YEARS OF COLLEGE* (EMPHASIS ADDED) WHILE THE LAST TWO YEARS WAS TO BE PAID SEPARATELY.

**{¶16}** Kimberly argues that the domestic relations court abused its discretion by ordering Don to pay the full amount of the judgment awarded to Kimberly in monthly installments of $600. This Court agrees.

**{¶17}** "As a general rule, appellate courts review the propriety of a trial court's determination in a domestic relations case for an abuse of discretion." *Saari v. Saari*, 195 Ohio App.3d 444, 2011-Ohio-4710, ¶ 8 (9th Dist.), citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). "This is true because the domestic relations court, as a court of equity, 'must have discretion to do what is equitable upon the facts and circumstances of each case.'" *Saari* at ¶ 8, quoting *Booth* at 144. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶18}** Kimberly argues that the parties agreed that Don would pay his share of the child's college expenses by way of $600 monthly installment payments only with respect to the first two years of college. The domestic relations court recognized and incorporated that agreement into its June 17, 2008 order issued after the purge hearing. In regard to the third and fourth year college expenses, however, the trial court did not order that Don would be permitted to reimburse Kimberly for half of those expenses under the same terms. Instead, the court merely ordered that Don could coordinate directly with Morehouse College to pay his share in monthly installments if the college offered such a payment plan. That order in no way relieved Don of his obligation to pay half of the child's college expenses as they were incurred. Moreover, the parties' divorce decree did not order Kimberly to pay all of the child's college

expenses and then seek reimbursement from Don. Nor did it limit Don's financial obligation to a sum certain every month.

{¶19} The trial court recognized that Don had not met his obligation under the divorce decree to pay his share of the child's college expenses for the third and fourth years of college. It rendered judgment in favor of Kimberly for an amount encompassing Don's share of those college expenses. It then issued an order allowing Don to pay that judgment in monthly installments. Kimberly has not cited any authority for the proposition that a domestic relations court may not permit a party to pay a judgment in monthly installments. In fact, equity may militate in favor of such an arrangement. However, under the circumstances of this case, the domestic relations court abused its discretion in allowing Don to pay his obligation for that last two years' college expenses in monthly installment of $600.

{¶20} Significantly, the parties did not enter into an agreement whereby Don could meet his obligation to pay half of the child's college expenses for the third and fourth years by making monthly installment payments to Kimberly. Moreover, the child had graduated from college by the time Kimberly filed her instant motions. Kimberly presented evidence that she had paid $121,988.80 for the child's college expenses and that Don had only paid $18,100.00 at the time of the hearing. In addition, the evidence established that Don had not paid any of those expenses contemporaneously with their accrual. Rather, in every instance, he reimbursed Kimberly for monies she had (in some cases, long ago) expended. Even limiting Don's remaining obligation to the $38,394.40 judgment, it would take him five and a third years to repay Kimberly. Kimberly financed the child's college education in part through parent loans. More unreasonable still, not only does the trial court's judgment not award Kimberly interest on her judgment, but it does not take into consideration that she will have paid more than her share of the actual college

expenses because she must pay interest on the loans she secured. Under these facts and circumstances, the domestic relations court abused its discretion by ordering Don to pay one-half of the child's college expenses for the third and fourth years of college in monthly installments of $600 until the total judgment, which moreover does not include interest, is paid in full. *See Saari, supra.* Kimberly's second assignment of error is sustained.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY REWRITING THE TERMS OF THE FINAL JUDGMENT OF DIVORCE REGARDING COLLEGE TUITION EXPENSES AND REFUSING TO FIND THE PLAINTIFF-APPELLEE IN CONTEMPT WHEN THE FINAL JUDGMENT OF DIVORCE DID NOT INCLUDE A RESERVATION OF JURISDICTION AND THE ADULT CHILD DID NOT CONSENT TO THE MODIFICATION.

**{¶21}** Kimberly first argues that the domestic relations court erred by rewriting the terms of the final judgment entry of divorce. She further argues that the domestic relations court abused its discretion by failing to find Don in contempt. This Court declines to address the first argument as moot and we disagree with the second.

**{¶22}** Kimberly argues that the trial court's order that Don pay his portion of the child's college expenses by way of installment payments constitutes an unauthorized modification of the parties' final judgment of divorce. Because our resolution of the second assignment of error renders this argument moot, we decline to address it.

**{¶23}** Kimberly further argues that the domestic relations court abused its discretion by failing to find Don in contempt for failing to pay his share of the child's college expenses. We disagree.

**{¶24}** This Court has held that "[if] contempt proceedings are invoked solely by the person aggrieved by disobedience of the court's order, a refusal to punish for contempt is largely

within the discretion of the trial court." *Akin v. Akin*, 9th Dist. Nos. 25524, 25543, 2011-Ohio-2765, ¶ 44, quoting *Thomarios v. Thomarios*, 9th Dist. No. 14232, 1990 WL 1777 (Jan. 10, 1990).

**{¶25}** Don did not dispute that he had not met his obligation to pay one-half of the child's college expenses. Although the trial court previously ordered that Don could make payment arrangements directly with the college for payment of the child's future expenses, Don testified that he was precluded from doing so. He testified that the college officials refused to recognize or acknowledge his attempts to obtain information about his son's account. Kimberly admitted that she did not contact Don about his remaining obligation until after the child had graduated. Although Don had recently stopped making payments to Kimberly on his obligation, he did so because he was not aware of the amount of his remaining obligation. Accordingly, the domestic relations court exercised proper discretion when it declined to hold Don in contempt. Kimberly's third assignment of error is overruled.

### III.

**{¶26}** Kimberly's first assignment of error is sustained in part, and the second assignment of error is sustained. The third assignment of error is overruled in part and we decline to address the remaining issue as it has been rendered moot. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part and the cause remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

SUSAN K. PRITCHARD, Attorney at Law, for Appellant.

DON D. CARTER, pro se, Appellee.