[Cite as *Petty v. Blount-Petty*, 2017-Ohio-7035.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WILLIAM J. PETTY | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2016CA00226 |
| | : | |
| SUSAN K. BLOUNT-PETTY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Domestic Relations Division, 2016DR00191

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      July 31, 2017

APPEARANCES:

For Plaintiff-Appellee:

RICHARD P. GIBBS
1001 South Main St.
North Canton, OH 44720

KATHLEEN O. TATARSKY
236 Third St. S.W.
Suite 100, Carnegie Building
Canton, OH 44702

For Defendant-Appellant:

LANCE D. GILL
3570 Executive Dr., Suite 102
Uniontown, OH 44685

*Delaney, P.J.*

{¶1}   Defendant-appellant Susan K. Blount-Petty (Wife) appeals from the December 6, 2016 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division.  Plaintiff-appellee is William J. Petty (Husband).

## FACTS AND PROCEDURAL HISTORY

{¶2}   Husband and Wife were married, or "participated in a ceremonial marriage," as Wife prefers, on December 21, 1996, in Stark County, Ohio.

{¶3}   Wife had two children with a prior husband, Kenneth Fox.  She believed she had divorced Fox in 1989 in Franklin County, Ohio.  After her 1996 marriage to Husband, Wife sought child support for her two children with Fox and filed for child support in Stark County.  The child support action was dismissed because Wife was found to still be "common law married" to Fox.  In 1998, Wife commenced a divorce action against Fox and the divorce was granted, terminating the common-law marriage.

{¶4}   On March 4, 2016, Husband filed a complaint for divorce against Wife, and Wife answered with a motion to dismiss alleging the two were never validly married because she was still effectively married to Fox at the time of the 1996 "marriage." Husband sought a division of marital property and alimony, but Wife filed a motion for declaratory judgment to establish no marital property existed because the parties were never "married."

{¶5}   The trial court overruled the motion to dismiss and allowed the matter to proceed under the same terms and conditions as a "divorce case filed in a valid marriage."

{¶6} The trial court found Wife was still married to Fox when she married Husband:

* * * *.

R.C. 3105.01(A) provides that the Court of Common Pleas may grant a divorce if either party had a husband or wife living at the time of the marriage from which the divorce is sought. Therefore, this Court has statutory authority to grant a divorce to [Husband and Wife] even though their marriage was void *ab initio*.

* * * *.

Judgment Entry, April 28, 2016.

{¶7} The trial court further found it had authority to grant alimony and other relief authorized by divorce and alimony statutes.

{¶8} In a Judgment Entry dated July 26, 2016, the trial court overruled Wife's motion for declaratory judgment, citing *Eggleston v. Eggleston*, 156 Ohio St.2d 422, 103 N.E.2d 395 (1952) [party to second marriage entitled to divorce despite bigamy, and court may grant remedies otherwise available for divorce and alimony] and *Snyder v. Snyder*, 5th Dist. Stark No. 2008CA00219, 2009-Ohio-5292 [family court may divide property, designate residential parent, order child/spousal support despite marriage void *ab initio*].

{¶9} The matter proceeded to trial in November 2016 and the trial court entered a final Judgment Entry of divorce on December 6, 2016.

{¶10} Wife now appeals from the trial court's judgment entries of April 28, July 26, and December 6, 2016.

{¶11} Wife raises four assignments of error:

**ASSIGNMENTS OF ERROR**

{¶12} "I. THE TRIAL COURT ERRED IN FINDING THAT ARTICLE 15, SECTION 11 OF THE OHIO CONSTITUTION WAS UNCONSTITUTIONAL IN ITS ENTIRETY AS THE SECOND SENTENCE OF SAID SECTION APPLIES IN THE INSTANT CASE."

{¶13} "II. THE TRIAL COURT ERRED IN FINDING THAT O.R.C. 3105.01(A) WAS CONSTITUTIONAL GIVEN THE PROHIBITIONS STATED IN ARTICLE 15, SECTION 11 OF THE OHIO CONSTITUTION."

{¶14} "III. THE TRIAL COURT ERRED IN FINDING THAT IT HAD THE POWER TO GRANT A DIVORCE IN THE INSTANT CASE."

{¶15} "IV. THE TRIAL COURT ERRED IN FINDING THAT MARITAL PROPERTY AS DEFINED IN O.R.C. 3105.171 CAN BE ACQUIRED DURING A MARRIAGE WHICH IS VOID AB INITIO."

**ANALYSIS**

I., II., III.

{¶16} Wife's first three assignments of error are related and will be considered together. Wife argues the trial court did not have any grounds upon which to grant a divorce. We disagree.

{¶17} We begin with the standard of review. "As a general rule, appellate courts review the propriety of a trial court's determination in a domestic relations case for an abuse of discretion." *Phillips v. Phillips*, 5th Dist. Stark No. 2014CA00090, 2014-Ohio-5439, 25 N.E.3d 371, ¶ 44, citing *Saari v. Saari,* 195 Ohio App.3d 444, 2011-Ohio-4710, 960 N.E.2d 539, ¶ 8 (9th Dist.). "This is true because the domestic relations court, as a court of equity, 'must have discretion to do what is equitable upon the facts and

circumstances of each case.'" Id. The Supreme Court has repeatedly held the term "abuse of discretion" implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying the abuse-of-discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 130, 541 N.E.2d 597 (1989).

{¶18} It is well-established that a bigamous marriage is void ab initio and of no legal purpose. *Snyder v. Snyder*, 5th Dist. Stark No. 2008CA00219, 2009-Ohio-5292, ¶ 19. One who is already married has no capacity to enter into another marriage contract, either ceremonial or common-law. Id., citing *Johnson v. Wolford*, 117 Ohio St. 136, 138, 157 N.E. 385 (1927) and *Darling v. Darling*, 44 Ohio App.2d 5, 335 N.E.2d 708 (8th Dist.1975). However, the Ohio Legislature has recognized that although a second marriage may be void, a party to that marriage still may obtain a divorce. *Snyder,* supra, at ¶ 20.

{¶19} R.C. 3105.01 establishes the grounds for divorce in Ohio and section (A) provides: "The court of common pleas may grant divorces for the following causes: [e]ither party had a husband or wife living at the time of the marriage from which the divorce is sought[.]" In construing the predecessor statute to R .C. 3105.01, the Ohio Supreme Court declared "[s]ection 11979, General Code, authorizing the granting of a divorce where 'either party had a husband or wife living at the time of the marriage from which the divorce is sought,' provides an exclusive remedy in cases involving that situation." *Eggleston v. Eggleston*, 156 Ohio St. 422, 103 N.E.2d 395 (1952), paragraph one of the syllabus. See also, *Bubsey v. Oleyar,* 8th Dist. Nos. 76266, 76267, 2000 WL

680447 (divorce may be granted even though one party lacked capacity to marry because that party had spouse living at time of later marriage).

{¶20} Wife argues in her first three assignments of error that our reliance upon *Eggleston*, as evidenced by the *Snyder* decision, must be reconsidered in light of the 2004 "marriage amendment" to the Ohio Constitution.  That amendment is found in Ohio Constitution, Article XV, Section 11, and states:

> Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage.

{¶21} Wife's argument is unavailing as the "marriage amendment" has been ruled unconstitutional in the wake of the United States Supreme Court's decision in *Obergefell v. Hodges*, 135 S.Ct. 2584, 2605, 192 L.Ed.2d 609, 192 L.Ed.2d 609 (2015).  That case reviewed so-called "defense of marriage" acts and amendments, including Ohio's, and found such amendments "invalid to the extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite-sex couples." In Ohio, the matter raising the challenge to Ohio's marriage amendment was remanded to the United States District Court for the Southern District of Ohio, and the trial court found the amendment to be unconstitutional.  *Obergefell v. Hodges*, S.D. Ohio No. 1:13-cv-501, unreported, 2-3 (Nov. 2, 2015).

{¶22} Wife responds, though, that the *Obergefell* decisions affect only the first sentence of the amendment, and the second sentence survives ["This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage."]. On that basis, Wife argues the trial court in the instant case may not recognize the parties' relationship as a "marriage."

{¶23} As the trial court pointed out, however, the federal district court "gave no indication that some portion of that section remained operative * * *" and we agree. Wife points to no authority which would require us to find otherwise.

{¶24} Moreover, the position urged by Wife is contrary to the rationale of *Eggleston* and, by extension, *Snyder*, both supra. The domestic relations court could not rationally refuse to grant a divorce on the ground that Wife had a spouse living at the time of her marriage to Husband, nor decline to proceed accordingly in granting alimony and other relief. R.C. 3105.01(A).

{¶25} Wife's first three assignments of error are overruled.

IV.

{¶26} In Wife's fourth assignment of error, she argues in the alternative that pursuant to *Eggleston,* supra, if the domestic relations court could grant a divorce, it could not find that the parties had created "marital property." We disagree.

{¶27} After a divorce has been granted, the trial court is **required** to equitably divide and distribute the marital estate between the parties and thereafter consider whether an award of sustenance alimony would be appropriate (emphasis added). *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 130, 541 N.E.2d 597 (1989), citing *Teeter v.*

*Teeter*, 18 Ohio St.3d 76, 479 N.E.2d 890 (1985) and *Wolfe v. Wolfe*, 46 Ohio St.2d 399, 350 N.E.2d 413 (1976). The trial court is vested with broad discretion in determining the appropriate scope of these property awards. *Holcomb,* supra, 44 Ohio St.3d at 131, citing *Berish v. Berish*, 69 Ohio St.2d 318, 23 O.O.3d 296, 432 N.E.2d 183 (1982). Although its discretion is not unlimited, it has authority to do what is equitable. Id., citing *Cherry v. Cherry*, 66 Ohio St.2d 348, 355, 20 O.O.3d 318, 322, 421 N.E.2d 1293, 1298 (1981). A reviewing court should measure the trial court's adherence to the test, but should not substitute its judgment for that of the trier of fact unless, considering the totality of the circumstances, it finds that the court abused its discretion. Id. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore*, supra, 5 Ohio St.3d at 219.

{¶28} In the instant case, the trial court found the marriage began on the date of the "ceremonial marriage" on December 21, 1996 and ended on March 10, 2014, when the parties separated. Pursuant to R.C. 3105.171, property acquired during that time period was "marital property."

{¶29} As we addressed in our discussion of the first three assignments of error, R.C. 3105.01(A) decrees that one statutory ground for divorce is either spouse having a husband or wife living at the time of the marriage. Upon finding grounds for divorce pursuant to R.C. 3105.01(A), the trial court is required to equitably divide and distribute the marital estate between the parties. It would be inconsistent for us to determine the trial court has the authority to grant the parties a divorce, but no authority to divide the

marital estate. We disagree with Wife's characterization of the marriage to Husband as a "legal fiction."

{¶30} Wife has not presented us with any authority in support of her novel argument that a domestic relations court has no authority to divide the marital estate under these circumstances, and we find this argument to be contrary to both the literal language and the spirit of the relevant statutes and case law. Wife's fourth assignment of error is therefore overruled.

## CONCLUSION

{¶31} Wife's four assignments of error are overruled and the judgment of the Stark County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Delaney, P.J.,

Gwin, J. and

Wise, Earle, J., concur.