[Cite as *Phillips v. Phillips*, 2014-Ohio-5439.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| RENEE PHILLIPS NKA BLASHAK | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2014CA00090 |
| | : | |
| ANTHONY PHILLIPS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Stark County
Court of Common Pleas, Family
Court Division Case No.
2001DR00753



JUDGMENT:                   AFFIRMED



DATE OF JUDGMENT ENTRY:     December 8, 2014



APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

TYRONE HAURITZ                           JOSEPH A. KACYON
101 Central Plaza South                  2745 Nesbitt Ave.
500 Chase Tower                          Akron, OH 44319
Canton, OH 44702

*Delaney, J.*

{¶1}   Defendant-appellant Anthony Phillips ("Anthony") appeals from the May 2, 2014 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division.  Plaintiff-appellee is Renee Phillips nka Blashak ("Renee").

## FACTS AND PROCEDURAL HISTORY

{¶2}   Anthony and Renee divorced on April 3, 2002.  One child was born of their marriage: Conner Phillips, born on June 9, 1992.

{¶3}   The parties' Shared Parenting Plan states the following regarding payment for Conner's college expenses: "The parents agree to equally share the cost of any college expenses for Conner including, but not limited to, college tuition, books, and housing.  The parties further agree to deposit $50 per month into the American Tuition Trust Fund for Conner's college education."

{¶4}   In January 1998, while still married, Renee opened an account with the American Tuition Trust Fund.  Conner is the named beneficiary.  Automatic payments of $41 per month were deducted from Renee's pay and deposited into the account.[1]  Anthony admittedly did not make any payments into the account. The account was closed in February 2005 and rolled into a College Advantage 529 Savings Plan.

{¶5}   Conner enrolled at Kent State University in fall 2010.  Both parties attended orientation and were told bills would be sent to students only via the

---

[1] The payments deducted at the time were $41, instead of the court-ordered $50, because the American Tuition Trust was set up to allow parents to purchase college credit hours at the rate of $41/hour.

University's "Flash" line. Parents could access the bills only with permission of the student and would need a PIN number to do so.

{¶6} Fall 2010 expenses were covered by the amount in the tuition trust fund. In spring 2011, Anthony paid $2397 toward school expenses and Renee paid $7395. During the 2011-2012 school year, Renee paid $4706.80 and Anthony paid zero. During the 2012-2013 school year, Renee paid $4880 and Anthony paid zero. In addition to these amounts, Conner obtained student loans and grants.

{¶7} Conner and Anthony argued in March 2012 with the end result that Anthony said he would not pay toward Conner's college expenses until Conner apologized.

{¶8} Renee emailed Anthony and sent him a certified letter documenting expenses paid as of March 4, 2013. Anthony responded he was not under any obligation to pay toward the college expenses and would not do so.

{¶9} On October 1, 2013, Renee filed a Motion and Affidavit for Contempt asserting Anthony was aware of the expenses from Fall 2010 through Spring 2013 and failed to pay his 50-percent share. Renee stated she was owed $7,292.40 "as of March 1, 2013 for expenses that she has paid on [Anthony's] behalf so that Conner can continue his education," and Anthony owed $10,043.00 representing 50 percent of the balance of Conner's outstanding student loans.

{¶10} Court-ordered meditation was terminated with no resolution of the college-expenses issue.

{¶11} A trial before a magistrate was held on Renee's motion for contempt on February 27, 2014. On March 4, 2014, the magistrate issued a Decision concluding Anthony was in contempt for failure to comply with the shared parenting agreement regarding college expenses; he was ordered to pay Renee the sum of $5,232.40 toward college expenses plus $1,096 in partial attorney fees and costs. He was also ordered to pay Renee's attorney $1,830 for the remainder of the attorney fees.

{¶12} Anthony objected to the magistrate's decision and a hearing was scheduled for April 28, 2014. On May 2, 2014 the trial court entered a Judgment Entry approving and adopting the magistrate's decision.

{¶13} Anthony now appeals from the May 2, 2014 decision of the trial court.

{¶14} Anthony raises nine assignments of error:

**ASSIGNMENTS OF ERROR**

{¶15} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO REVIEW THE FACTS AND LAW FROM THE MAGISTRATE'S DECISION DE NOVO."

{¶16} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT FOLLOWING THE PRECEDENT SENT (*sic*) BY *HETTERICK V. HETTERICK*, 2013-OHIO-15 (2013), WHICH REQUIRES NOTICE OF THE AMOUNTS DUE AND TO WHOM THEY ARE TO BE PAID PRIOR TO AN ACTION FOR CONTEMPT FOR NON-PAYMENT OF COLLEGE COSTS."

{¶17} "III.   THE TRIAL COURT ERRED BY CONCLUDING THAT MR. PHILLIPS HAD ACCESS TO THE COLLEGE EXPENSES THROUGH FLASHLINE WHERE THE EVIDENCE SHOWED THAT FLASHLINE COULD HAVE ONLY SHOWED HIM AMOUNTS DUE FOR TUITION, NOT ANY ACTUAL BILLS AND NOT ANY HOUSING COSTS."

{¶18} "IV.   THE TRIAL COURT ERRED BY CONCLUDING THAT MR. PHILLIPS WAS AT FAULT FOR NOT OBTAINING THE BILLS FROM CONNOR, THE PARTIES' ADULT SON, WHERE THE UNCONTROVERTED EVIDENCE SHOWED THAT MR. PHILLIPS REQUESTED THE BILLS BUT THAT CONNOR FAILED TO PROVIDE THEM."

{¶19} "V.   THE TRIAL COURT ERRED BY CONCLUDING THAT A LETTER FROM MS. BLASHAK, WHICH DID NOT INCLUDE ANY BILLS OR RECEIPTS, WAS SUFFICIENT NOTICE TO MR. PHILLIPS OF HIS OBLIGATION DESPITE THE SELF-SERVING ERRORS CONTAINED IN THAT LETTER."

{¶20} "VI. THE TRIAL COURT ERRED IN CONCLUDING THAT A CHECK MR. PHILLIPS GAVE TO CONNOR FOR HIS HOUSING EXPENSES SHOULD NOT BE CREDITED TO MR. PHILLIPS BECAUSE IT WAS NOT GIVEN TO THE LANDLORD DIRECTLY, WHERE THE EVIDENCE SHOWED THAT MR. PHILLIPS DID NOT KNOW WHO THE LANDLORD WAS DESPITE REQUESTING A COPY OF THE LEASE FROM CONNOR AND MS. BLASHAK."

{¶21} "VII.   THE TRIAL COURT ERRED BY ADMITTING EVIDENCE THAT MS. BLASHAK HAD GIVEN CONNOR MONEY WHICH SHE ADMITTED WAS FOR PURPOSES OTHER THAN COLLEGE—INCLUDING FOOD, PERSONAL ITEMS, FRATERNITY DUES, AND DANCE CLASSES."

{¶22} "VIII.   THE TRIAL COURT ERRED BY CONCLUDING THAT MS. BLASHAK'S PAYMENT OF THOSE OUTSIDE ITEMS CONSTITUTED EVIDENCE THAT MR. PHILLIPS'S $4,000.00 PAYMENT WAS FOR SOMETHING OTHER THAN COLLEGE EXPENSES."

{¶23} "IX.  THE TRIAL COURT ERRED BY EXCLUDING EVIDENCE CONCERNING THE AGREEMENT OF THE PARTIES CONCERNING THE TAX EXEMPTION FOR CONNOR."

**ANALYSIS**

I.

{¶24} In his first assignment of error, Anthony asserts the trial court erred because its decision overruling his objection does not individually address each of his eight objections.  Anthony also infers the trial court applied the incorrect standard of review.  We disagree.

{¶25}  The trial court is obliged to independently review the issues upon objections to a magistrate's ruling.  Ohio Civ. R. 53(D)(4)(d) states in pertinent part:

> * * * *. In ruling on objections, the court shall undertake an
> independent review as to the objected matters to ascertain
> that the magistrate has properly determined the factual

issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶26} The trial court does not sit in the position of a reviewing court when reviewing the referee's report; rather, the trial court must conduct a *de novo* review of the facts and conclusions contained in the report. *Inman v. Inman*, 101 Ohio App. 3d 115, 118, 655 N.E.2d 199 (2nd Dist.1995), citing *DeSantis v. Soller*, 70 Ohio App.3d 226, 232, 590 N.E.2d 886 (10th Dist.1990).

{¶27} Anthony does not point to any affirmative evidence in the record the trial court did not apply the correct standard of review. "[W]hen independently reviewing the magistrate's decision, and in the absence of an affirmative demonstration the trial court applied an incorrect standard, given the presumption [of] regularity, we presume the trial court applied the correct standard." *Rudduck v. Rudduck*, 5th Dist. Licking No. 98CA85, unreported, 1999 WL 436818, at *4 (Jun. 16, 1999). We note the trial court's entry states in pertinent part, "The Court, after having made on (*sic*) independent analysis of the facts and the applicable law, hereby approves and adopts the magistrate's decision and orders it entered as a matter of record." We therefore presume the trial court applied the correct standard of review.

{¶28} We also presume the trial court overruled each of Anthony's eight objections despite its failure to set forth each objection individually in the entry.

Anthony argues the trial court should have addressed each in turn. While the trial court never expressly addressed each and every objection, it is presumed that the trial court, *sub silentio,* overruled the objections when it proceeded to enter judgment disposing of the objections. *Shaffer v. Shaffer*, 109 Ohio App. 3d 205, 212, 671 N.E.2d 1317, 1321 (3rd Dist.1996). "Where the court fails to rule on an objection or motion, it will be presumed that the court overruled the objection or motion." Id., citing *Solon v. Solon Baptist Temple, Inc.*, 8 Ohio App.3d 347, 457 N.E.2d 858 (8th Dist.1982).

{¶29} Anthony's first assignment of error is overruled.

II.

{¶30} In his second assignment of error, Anthony argues the trial court erred in failing to follow the precedent of *Hetterick v. Hetterick*, 12th Dist. Brown No. 2012-02-002, 2013-Ohio-15. We disagree.

{¶31} First, we note the magistrate specifically found the instant case distinguishable from *Hetterick*, to wit:

> * * * *. In [*Hetterick*], the father was required to pay colleges (sic) expenses for his daughters. One daughter initiated student loans on her own behalf and was the only signator (sic) on the loans. The court found that these student loans constituted college expenses that the father was responsible to pay, however the court did not find that his failure to pay amounted to contempt of court. The father did not have any knowledge of the loan amounts or lending institutions

involved, what payments were due or where to send the payments. The court found that the father could not be held in contempt of court because he was not presented with the bills or given information necessary to pay them. However, the court found that the father was in contempt of court for failure to pay on another daughter's student loan that was co-signed by the mother. The facts demonstrated that the father was aware of the loans, aware of the amounts due, received several bills and had access to the loan information. These two scenarios within the same case highlight that the court's focus should be on knowledge and access to information. **In this case, [Anthony] had knowledge that Conner was utilizing Pell grants and both subsidized and unsubsidized student loans to pay for college. [Anthony] had access to tuition statements by using the PIN number or by contacting Conner. [Anthony] was aware that Conner was living in fraternity housing and could obtain billing information from Conner or from [Renee]. [Anthony] was not satisfied with the outline of expenses sent to him by [Renee], yet he knew he had to pay his share of the housing. [Anthony] simply chose not to obtain the tuition or housing details because he was angry with his son.**

(Emphasis added.)

{¶32} As Renee points out, decisions of other appellate districts are not controlling authority for this Court. While we are bound by decisions of the Ohio Supreme Court, we are not bound by appellate decisions from other districts although we afford those decisions due consideration and respect. *Hogan v. Hogan*, 29 Ohio App. 2d 69, 77, 278 N.E.2d 367 (8th Dist.1972); see also, *State v. Thompson*, 193 Ohio App. 3d 44, 48, 2011-Ohio-1606, 950 N.E.2d 1022 (8th Dist.), at ¶ 13.

{¶33} That being said, we find *Hetterick* instructive regarding payment for college expenses in the context of contempt, and we agree with the magistrate's analysis supra. *Hetterick* concluded the appellant was required to pay valid college expenses but could not be held in contempt for failure to do so when he was not presented the opportunity to pay the bills or given the requisite information necessary to pay them. *Hetterick v. Hetterick*, 12th Dist. Brown No.DRA 2005 0543, 2013-Ohio-15, ¶ 43. In the instant case, however, Anthony could have obtained the necessary information and chose not to do so, leading the trial court to find him in contempt.

{¶34} Our review of a trial court's contempt finding is abuse of discretion. *Snider v. Snider,* 5th Dist. Fairfield No. 11–CA–58, 2013–Ohio–1168, ¶ 6, citing *State ex rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). We will not reverse a finding of contempt unless the trial court's decision was unreasonable, arbitrary, or unconscionable. *Snider* at ¶ 6, citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N .E.2d 1140 (1983). We look to the totality of

the circumstances in determining whether the trial court's decision constitutes an abuse of discretion. *Ryder v. Ryder,* 5th Dist. Stark No. 2001 CA00190, 2002–Ohio–765, *2, citing *In re: Brumfield,* 5th Dist. Stark No.1998CA00326, unreported, 1999 WL 744172 (Jun. 7, 1999). Our standard of review of a contempt finding is "highly deferential." See, *In re Helfrich,* 5th Dist. Licking No. 13CA20, 2014–Ohio–1933, ¶ 40, citing *State ex rel. Cincinnati Enquirer v. Hunter,* 138 Ohio St.3d 51, 2013–Ohio–5614, 3 N.E.3d 179, ¶ 29; *Dobbins v. Evans,* 5th Dist. Stark No.2011 CA00171, 2012–Ohio–898, ¶ 12. We defer to the trial court because the magistrate and trial court have heard the evidence and are familiar with the terms of the parties' agreement.

{¶35} Our review of the record reveals the decision of the trial court, incorporating that of the magistrate, is not unreasonable, arbitrary, or unconscionable. We concur with the analysis of the court below; indeed, we are foreclosed from any other result by Anthony's admissions he refused to pay toward the college expenses despite being provided with the amounts due as discussed infra.

{¶36} We thus agree with the trial court's position on the application of *Hetterick v. Hetterick* and Anthony's second assignment of error is overruled.

### III., IV., V.

{¶37} Anthony's third, fourth, and fifth assignments of error are related and shall be considered together. Anthony asserts the evidence was insufficient to establish he could have learned the amounts he owed for college expenses and was at fault in failing to do so. We disagree.

{¶38} Ohio courts have defined contempt of court as "conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 271 N.E.2d 815, paragraph one of the syllabus. As noted supra in our discussion of Anthony's second assignment of error, our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *Wadian v. Wadian,* 5th Dist. Stark No.2007CA00125, 2008–Ohio–5009, ¶ 12, citing *In re Mittas*, 5th Dist. Stark No.1994 CA 00053 (Aug. 6, 1994). In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶39} The burden of proof in a civil contempt action is proof by clear and convincing evidence. *Jarvis v. Bright,* 5th Dist. Richland No. 07CA72, 2008–Ohio–2974 at ¶ 19, citing *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 416 N.E.2d 610 (1980). The determination of "clear and convincing evidence" is within the discretion of the trier of fact. The trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See, e.g., *Taralla v. Taralla,* 5th Dist. Tuscarawas No.2005 AP 02 0018, 2005–Ohio–6767, ¶ 31, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

{¶40} Upon review of the record, we find no abuse of discretion by the trial court. The trial court's findings are supported by clear and convincing

evidence. Anthony argues on one hand he was not sufficiently on notice of the college expenses he was required to pay, yet argues Renee's demand letter of March 2013, which included a breakdown of expenses to that date, was insufficient. Anthony wants to be excused for failing to inquire into the amounts he admittedly knew he owed, but also asks to be excused from payment because the expenses were not provided to him in a certain manner. Anthony knew Conner was in college, accruing expenses; he had the same opportunity to access the "Flash line" Renee had; and he admittedly refused to talk to his son to get the information he needed to pay his share of the bills. Upon being contacted by Renee, Anthony repeatedly disclaimed his obligation to pay half the expenses in direct contravention of the court order. These facts support the finding of contempt.

{¶41} In short, the findings of the trial court are supported by clear and convincing evidence and the court's finding of contempt is not unreasonable, arbitrary, or unconscionable. Anthony's third, fourth, and fifth assignments of error are overruled.

## VI., VIII.

{¶42} Anthony's sixth and eighth assignments of error are related and will be considered together. Anthony argues he should have been credited with $4,000 for a check he gave to Connor and the check should have been credited to him because the evidence does not support the check was for something other than "college expenses." We disagree.

{¶43} Anthony directly gave Conner a check for $4000 during the 2011-2012 school year and testified the check was for "college expenses." (T. 61). College expenses include tuition, books, and housing. Tuition at that time was covered by Conner's grants and loans. Conner was living off-campus but Anthony made no provision for the check to be directed to the landlord. We are unable to conclude Anthony gave the check to Conner directly in fulfillment of his obligations under the Shared Parenting Plan.

{¶44} We further note the trial court highlighted the fact that both parents gave Conner money attributed to needs other than the "college expenses" which did not result in credit toward either party's obligations under the Shared Parenting Plan. We again point out "[a]s a general rule, appellate courts review the propriety of a trial court's determination in a domestic relations case for an abuse of discretion." *Carter v. Carter*, 9th Dist. Summit No. 25981, 2012-Ohio-2475, ¶ 17, citing *Saari v. Saari,* 195 Ohio App.3d 444, 960 N.E.2d 539, 2011–Ohio–4710, ¶ 8 (9th Dist.). "This is true because the domestic relations court, as a court of equity, 'must have discretion to do what is equitable upon the facts and circumstances of each case." Id.

{¶45} We find the trial court did not abuse its discretion in concluding Anthony should not be credited with $4000.

VII., IX.

{¶46} In his seventh and ninth assignments of error, Anthony argues the trial court erred in entering certain evidence and in excluding other evidence. We disagree.

{¶47} The admission or exclusion of relevant evidence is a matter left to the sound discretion of the trial court. Absent an abuse of discretion resulting in material prejudice, a reviewing court should be reluctant to interfere with a trial court's decision in this regard. *State v. Hymore*, 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967).

{¶48} First, Anthony argues the trial court should not have used the $5,490 Renee paid in checks she gave Conner for non-college related expenses in weighing whether his $4000 check should be credited. We disagree. In light of our analysis of the trial court's treatment of Renee's $5,490 in assignments of error six and eight, supra, we find no abuse of discretion in the trial court's rationale here. The trial court did not make an evidentiary error; instead, it simply described the equity of the outcome.

{¶49} Finally, Anthony argues the trial court failed to address the issue of the tax exemption for Conner. We note, however, as did the trial court at the objection hearing, Anthony did not proffer the evidence he argues here regarding the tax exemption. He has therefore waived this argument on appeal.

{¶50} Anthony's seventh and ninth assignments of error are overruled.

**CONCLUSION**

{¶51} The appellant's nine assignments of error are overruled and the judgment of the Stark County Court of Common Pleas, Family Court Division is affirmed.

By:  Delaney, J. and

Hoffman, P.J.

Farmer, J., concur.