[Cite as *Lambert's Pop A Top, L.L.C.. v. Mills*, 2017-Ohio-8073.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LAMBERT'S POP A TOP, LLC., ET AL. | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiffs-Appellants | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 2017CA00092 |
| | : | |
| MARK A. MILLS, ET AL. | : | |
| | : | |
| | : | NUNC PRO TUNC |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No.
2016CV01307

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      October 30, 2017

APPEARANCES:

For Plaintiffs-Appellants:                For Defendants-Appellees:

JUSTIN C. MILLER                          MICHAEL S. GRUBER
3443 Medina Road, Suite 101-E             JASON N. BING
Medina, OH 44256                          TODD B. KOTLER
                                          6370 Mt. Pleasant St., NW
                                          North Canton, OH 44720

*Delaney, P.J.*

{¶1}  Plaintiffs-Appellants Lambert's Pop A Top, LLC and Tammy Lambert appeal the May 10, 2017 judgment entry of the Stark County Court of Common Pleas.

**Accelerated Calendar**

{¶2}  Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. App.R. 11.1(E) provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶3}  One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶4}  This appeal shall be considered in accordance with the aforementioned rules.

**FACTS AND PROCEDURAL HISTORY**

{¶5}  On October 14 and 15, 2015, Plaintiffs-Appellants Lambert's Pop a Top, LLC and Tammy Lambert ("Lambert") entered into written agreements to purchase a business known as Mills Tavern and lease the building where the business was located at 105 Nassau Street East from Defendants-Appellees Mark A. Mills and Frances Mills. The parties were assisted in the drafting of the written agreements by a real estate agent and the parties' respective attorneys. Lambert has been a tax preparer for 20 years, which

required continuing education. She had never before worked in the bar or restaurant industry as an owner/operator.

### The Business Purchase and Liquor Permit

{¶6}  The real estate agreement stated Lambert would purchase the business for $25,000. Included in the business purchase agreement was the business inventory and the liquor permit. "Inventory" was not defined in the purchase agreement.

{¶7}  At the time Lambert entered into the real estate agreement for the business, all parties were aware the liquor permit for the business was held by Defendants-Appellees Mike Kirby and Wanda Kirby. The parties also knew there was an issue with the liquor permit due to a liquor code violation. Kirby and Mills needed to resolve the issue through the Attorney General's office before the liquor permit could be transferred. Because of the issue with the liquor permit and the potential delay in transferring the liquor permit, Lambert negotiated for $10,000 of the business purchase amount be placed in escrow. The real estate agreement stated the "$10,000 to be put in escrow until liquor license transfer is complete." The terms of the real estate agreement did not state a date for the transfer of the liquor permit.

{¶8}  Lambert and Kirby entered into a management agreement in order for Lambert to continuously operate the bar until the liquor permit was transferred. Mills was not the holder of the liquor permit but it was understood he would facilitate the transfer of the liquor permit to Lambert. The business purchase agreement did not state that the liquor permit had to be transferred from Kirby to Mills to Lambert.

**The Commercial Lease Agreement**

{¶9}   Lambert and Mills also entered into a commercial lease agreement for the lease of the building in which the business was located. The terms of the lease agreement stated Lambert would pay Mills rent in the amount $900 per month for three years, commencing on October 15, 2015 and ending on November 15, 2018.

**The Transfer of the Liquor Permit**

{¶10} After the business was sold, Lambert operated under the liquor permit per the terms of the management agreement with Kirby. In January 2016, however, Lambert stated she was told over the phone by a woman from the Department of Commerce that she had to close the bar. The bar reopened six days later.

{¶11} On May 23, 2016, Lambert obtained a liquor permit for the business address of 150 Nassau Street East. The liquor permit held by Kirby for the business at 150 Nassau Street East was documented as transferred.

{¶12} Lambert stated the liquor permit she received was not a transfer of Kirby's liquor permit, but a new liquor permit. She based her argument on the fact that her liquor permit had a different license number than Kirby's liquor permit. Mills stated Ohio restricts the total number of liquor permits allowed in Osnaburg Township, where the business is located, to two permits. He also stated that in his experience as a bar owner, the State of Ohio issues a new license number for new permit holders, even if the permit has only been transferred. Kirby signed a liquor permit application for Lambert in order to transfer the permit. Mills made a transfer application of the liquor permit, but he was asked to cancel his application based on Kirby's application.

{¶13} Mills requested permission to release the escrowed funds after the liquor permit was transferred from Kirby to Lambert. Lambert would not grant permission to release the escrowed funds. She contended Mills failed to transfer the liquor permit in violation of the terms of the business purchase agreement.

**The Roof**

{¶14} Lambert stated the roof to the business leaked, which caused the roof to collapse. As the landlord, she argued it was Mills's responsibility to fix the roof. She contacted Mills to fix the roof and he sent over a person to check on the roof. Mills denied refusing to fix the roof.

{¶15} Based on Mills's failure to repair the roof, Lambert withheld her rent under the commercial lease agreement since March or February 2016. She deposited the rent payments with her attorney.

**The Civil Proceedings**

{¶16} Lambert filed her complaint against Mills and Kirby on June 3, 2016. She amended her complaint on January 27, 2017. In her complaint, she raised eight causes of action: fraud, breach of contract of the real estate agreement, declaratory judgment on the management agreement as to Kirby, declaratory judgment on the mortgage, declaratory judgment on the management agreement as to Mills, unjust enrichment, and breach of contract of the commercial lease agreement. Mills filed a counterclaim alleging breach of the commercial lease agreement by Lambert.

{¶17} A bench trial was held before the magistrate on February 6, 2017. At the conclusion of Lambert's case, she dismissed the declaratory judgment claim on the management agreement as to Kirby.  The parties were to submit proposed findings of

fact and conclusions of law. Mills filed proposed findings of fact and conclusions of law. Lambert did not.

{¶18} On April 7, 2017, the magistrate issued her decision and judgment entry, which included findings of fact and conclusions of law. The magistrate found in favor of Mills on all claims and awarded Mills $20,800.00.

{¶19} Lambert filed objections to the magistrate's decision. On May 10, 2017, the trial court overruled Lambert's objections and adopted the magistrate's decision.

{¶20} It is from this judgment entry Lambert now appeals.

## ASSIGNMENT OF ERROR

{¶21} Lambert raises one Assignment of Error:

{¶22} "THE TRIAL COURT ERRED IN AFFIRMING THE MAGISTRATE'S DECISION, WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, BY NOT CONDUCTING A DE NOVO OF THE MAGISTRATE'S DECISION, RESULTING IN AN ABUSE OF DISCRETION."

## ANALYSIS

{¶23} Lambert raises two issues in her sole Assignment of Error. She argues the trial court's judgment was against the manifest weight of the evidence. She next argues the trial court erred by failing to conduct a de novo review of the magistrate's decision. We analyze each issue separately.

## Standard of Review

{¶24} Lambert states the trial court applied the incorrect standard of review. We disagree.

{¶25} The trial court is obliged to independently review the issues upon objections to a magistrate's decision. Ohio Civ.R. 53(D)(4)(d) states in pertinent party:

* * * *. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶26} The trial court does not sit in the position of a reviewing court when reviewing the referee's report; rather, the trial court must conduct a *de novo* review of the facts and conclusions contained in the report. *Phillips v. Phillips*, 2014-Ohio-5439, 25 N.E.3d 271, ¶ 26 (5th Dist.) citing *Inman v. Inman,* 101 Ohio App.3d 115, 118, 655 N.E.2d 199 (2nd Dist.1995), citing *DeSantis v. Soller,* 70 Ohio App.3d 226, 232, 590 N.E.2d 886 (10th Dist.1990); *see also Thompson Thrift Const. v. Lynn*, 2017-Ohio-1530, -- N.E.3d –, ¶ 56 (5th Dist.).

{¶27} "[W]hen independently reviewing the magistrate's decision, and in the absence of an affirmative demonstration the trial court applied an incorrect standard, given the presumption [of] regularity, we presume the trial court applied the correct standard." *Rudduck v. Rudduck,* 5th Dist. Licking No. 98CA85, unreported, 1999 WL 436818, at *4 (Jun. 16, 1999). Lambert contends the affirmative demonstration of the trial court's application of the incorrect standard of review is the trial court's judgment overruling her objections and adopting the magistrate's decision. Lambert argues that if

the trial court had independently reviewed the evidence, it would have found in favor of Lambert on all claims.

{¶28} That the trial court overruled Lambert's objections and adopted the magistrate's decision does not provide a per se affirmative demonstration the trial court failed to conduct a de novo review. The trial court's judgment entry overruling and adopting the magistrate's decision states, "Upon review of the transcript and the arguments of counsel, the Court finds the objections not well taken and OVERRULES the same." (Judgment Entry, May 10, 2017). The trial court stated it reviewed the transcript, which presented the facts, and the arguments of counsel, which presented the applicable law. We presume the trial court applied the correct standard of review to the facts and law.

{¶29} Lambert further argues the trial court's judgment entry did not address any of the exhibits admitted into evidence. The trial court stated in its judgment entry that it reviewed the transcript. During the bench trial, counsel presented their exhibits to the witnesses, who identified and testified to their knowledge of the exhibits, and the exhibits were admitted into evidence -- all of which were documented in the transcript.

{¶30} We find no affirmative demonstration by Lambert that the trial court failed to apply the correct standard of review and therefore presume the trial court conducted an independent review of the magistrate's decision.

**Manifest Weight of the Evidence**

{¶31} Lambert next contends the trial court's decision was against the manifest weight of the evidence.

{¶32} In *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517, the Ohio Supreme Court clarified the standard of review appellate courts should apply when assessing the manifest weight of the evidence in a civil case. The Ohio Supreme Court held the standard of review for manifest weight of the evidence for criminal cases stated in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997) is also applicable in civil cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517. A reviewing court is to examine the entire record and determine "whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Id.*; *see also Sheet Metal Workers Local Union No. 33 v. Sutton*, 5th Dist. Stark No. 2011 CA 00262, 2012–Ohio–3549. "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517.

{¶33} "When a court of appeals reviews the decision of a trial court overruling or sustaining objections to a magistrate's decision, the standard of review is abuse of discretion." *Thompson Thrift Const. v. Lynn, supra* at ¶ 56 citing *Kolano v. Kolano*, 5th Dist. Tuscarawas No. 2014AP060026, 2015-Ohio-1369. An abuse of discretion connotes that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶34} We have reviewed the transcript, exhibits, and post-trial briefs. We find the evidence presented in this case supports the magistrate's decision and the trial court's

judgment to find in favor of Mills on all claims. The evidence demonstrates Mills did not breach the real estate purchase agreement as to the transfer of the liquor permit. The terms of the purchase agreement did not specify a date by which the liquor permit would be transferred or who would transfer the liquor permit. The liquor permit was transferred and Lambert is currently the holder of the liquor permit. We further find the evidence supports the trial court's judgment that Mills did not breach the commercial lease as to the maintenance of the roof. Mills attempted to repair the roof. Further, if Lambert intended to withhold her rent because of Mills's alleged noncompliance with R.C. 5321.04 (a landlord's statutory obligations), Lambert did not comply with Ohio's statutory requirements for withholding the payment of rent under R.C. 5321.07.

{¶35} We find the trial court did not abuse its discretion in overruling Lambert's objections and adopting the magistrate's decision.

{¶36} Lambert's sole Assignment of Error is overruled.

## CONCLUSION

{¶37} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Gwin, J. and

Hoffman, J., concur.