**[Cite as *State v. Bonnette*, 2023-Ohio-4430.]**

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| KATHERINE BONNETTE, | : | Case No. 23CA000009 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Knox County Court
of Common Pleas, Case No.
23CR02-0042

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      December 6, 2023

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

CHARLES T. MCCONVILLE                TODD W. BARSTOW
Knox County Prosecutor                    261 W. Johnstown Road, Suite 204
117 East High Street., Suite 234        Columbus, Ohio 43230
Mount Vernon, Ohio 43050

*Baldwin, J.*

**{¶1}**   Katherine Bonnette appeals the sentence imposed by the Knox County Court of Common Pleas. Bonnette plead guilty to Aggravated Possession of Drugs, 93.8 grams of Methamphetamine, in violation of R.C. 2925.11(A) and a second degree felony. The trial court imposed a prison term of six to nine years. The State of Ohio is Appellee.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}**   Bonnette entered a guilty plea in this matter, so the facts were not fully developed in the record.  The State did offer a summary of the relevant facts:

> * *on February 1 of this year Mount Vernon police officers initiated a traffic
>
> stop for an equipment violation on a vehicle that Ms. Bonnette was a
>
> passenger in. The driver was found to have active warrants. He was placed
>
> under arrest and drug paraphernalia was found on his person. A canine unit
>
> responded. The canine alerted to the vehicle and a search of the vehicle in
>
> a purse on the back seat was located approximately ninety-four grams of
>
> methamphetamine.

(Change of Plea Hearing, May 3, 2023, p.11, lines 9-20).

**{¶3}**   Bonnette agreed with the facts and conceded that the purse containing the methamphetamine was hers.

**{¶4}**   The State and Bonnette submitted a jointly recommended sentence of three to four and one-half years. The trial court explained that the maximum sentence for Bonnette's crime was eight to twelve years with a potential fine of $25,000.00 and a mandatory fine of $7,500.00. (Change of Plea Hearing, May 3, 2023, p. 7, line 17 to p. 8, line 13).  Bonnette acknowledged that she understood the court was not bound by the

recommendation and that the trial court would determine her sentence. The trial court concluded the plea hearing by ordering a presentence investigation.

{¶5}    The parties returned to the court for sentencing on June 1, 2023. The trial court acknowledged that Bonnette had appeared and entered a plea of guilty which was accepted on May 3, 2023 and that her offense, Aggravated Possession of Drugs, was a felony of the second degree subject to a mandatory sentence. The trial court noted that it had reviewed the presentence investigation and the parties confirmed their recommendation of a sentence of three to four and one-half years.

{¶6}    The trial court noted that it had considered the purposes and principles of sentencing contained in R.C. 2929.11 as well as the factors contained within R.C. 2929.12 and concluded that a prison term is consistent with R.C. 2929.11. The trial court imposed a sentence of 6 to 9 years and a mandatory fine of $7500.00. The fine was vacated based upon the trial court's finding Bonnette was indigent.

{¶7}    Bonnette filed a timely notice of appeal and submitted one assignment of error:

{¶8}    "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HER IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES."

## STANDARD OF REVIEW

{¶9}    A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. Revised Code 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's

findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. See, also, *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

{¶10} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶11} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, ¶ 90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶12} The trial court must consider the purposes and factors contained in R.C. 2929.11 and 2929.12 but this Court has held that when the transcript of "the sentencing hearing is silent as to whether the trial court considered the factors in R.C. 2929.11 and 2929.12" a presumption arises "that a trial court considered the factors contained in R.C. 2929.12." *State v. Hannah*, 5th Dist. Richland No. 15-CA-1, 2015-Ohio-4438, ¶ 13. Accord *State v. Tenney*, 11th Dist. Ashtabula No. 2009-A-0015, 2010-Ohio-6248, 2010 WL 5289110, ¶ 14 and *State v. Crawford*, 5th Dist. Muskingum No. CT2021-0059, 2022-Ohio-3125, ¶ 18.

**ANALYSIS**

{¶13} This court may modify Bonnette's sentence only if it "clearly and convincingly finds that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law." Bonnette does not argue that R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) apply, so we are restricted to consideration of whether the sentence is clearly and convincingly otherwise contrary to law.

{¶14} The sentence imposed by the trial court is within the statutory guidelines and Bonnette does not assert a position to the contrary. Instead, she contends that the trial court imposed a maximum sentence that fails to comply with the guidelines of R.C. 2929.11 or 2929.12 and that we should reverse the sentence on that basis. Bonnette is requesting that we act in a manner that has been prohibited by the Supreme Court of Ohio in *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649 where the court clearly stated that R.C. 2953.08(G)(2) does not permit "an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." Bonnette acknowledges that *Jones* is controlling and asks that we disregard it and instead follow the dissent authored by Justice Donnelly, but we "are bound to follow the law and decisions of the Ohio Supreme Court, unless or until they are reversed or overruled. *State v. Lenior,* 5th Dist. Delaware No. 10CAA010011, 2010-Ohio-4910, 2010 WL 3921188; *Phillips v. Phillips,* 5th Dist., 2014-Ohio-5439, 25 N.E.3d 371." *Wendt v. Dickerson,* 5th Dist. No. 2017 AP 08 0024, 2018-Ohio-1034, 108 N.E.3d 1174, ¶ 30. We are therefore obligated to adhere to the decision in *Jones* and to reject Bonnette's request.

**{¶15}** Bonnette's assignment of error is denied.

**{¶16}** The decision of the Knox County Court of Appeals is affirmed.


By: Baldwin, J.

Wise, John, P.J. and

Delaney, J. concur.