[Cite as *State v. Mantell*, 2024-Ohio-1093.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 23CA000014 |
| KELLI MANTELL | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Knox County Court of
                              Common Pleas, Case No. 23CR03-0064

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       March 22, 2024

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHARLES T. MCCONVILLE                     TODD W. BARSTOW
Knox County Prosecuting Attorney          261 W. Johnstown Road, Suite #204
                                          Columbus, Ohio 43230
NICOLE E. DERR
Assistant Prosecuting Attorney
117 East High Street, Suite #234
Mount Vernon, Ohio 43050

*Hoffman, J.*

{¶1} Defendant-appellant Kelli M. Mantell appeals the judgment entered by the Knox County Common Pleas Court convicting her following her pleas of guilty to two counts of endangering children (R.C. 2919.22(A)) and one count of aggravated possession of drugs (R.C. 2925.11(A)), and sentencing her to an aggregate term of incarceration of thirty months. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On March 4, 2023, Officer Ronald Cerny of the Mount Vernon Police Department was dispatched to a home where drugs had been reported. Appellant's husband told the officer he woke up around 10:00 a.m. to find Appellant, who was his wife and the owner of the home, asleep on the couch, fully clothed, in a slumped-over position. He found narcotics on a bookshelf in front of the kitchen. Appellant's husband told police he has two small children who frequent the area where the narcotics were located.

{¶3} Police woke up Appellant, and found 16 grams of methamphetamine on the shelf, as well as a scale, bowls, baggies and syringes. All items were located in an area where the children might be present. Appellant stated she did not remember how she got home the night before or how the drugs got there.

{¶4} Appellant was indicted by the Knox County Grand Jury with two counts of endangering children, one count of illegal use or possession of drug paraphernalia, one count of possessing drug abuse instruments, and one count of aggravated possession of drugs. She entered guilty pleas to two counts of endangering children and one count of aggravated possession of drugs, and the remaining charges were dismissed. The trial court sentenced Appellant to three months incarceration for each conviction of endangering children and thirty months incarceration for aggravated possession of drugs,

to be served concurrently, for an aggregate term of thirty months incarceration.  It is from the September 25, 2023 judgment of the trial court Appellant prosecutes her appeal, assigning as error:

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HER IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.

{¶5} R.C. 2953.08 (G)(2) sets forth this court's standard of review of felony sentences:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶6}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Padilla,* 5th Dist. Tuscarawas No. 2022 AP 08 0023, 2023-Ohio-1995, 2023 WL 4044122, ¶ 13, *quoting State v. Dinka,* 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, 2019 WL 5106376, ¶ 36.

**{¶7}** As stated by the Supreme Court of Ohio, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

**{¶8}** {¶34} The Supreme Court of Ohio later clarified the *Jones* opinion as follows:

The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations— i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones*, this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are " 'otherwise contrary to law.' " *Jones* at ¶ 32, quoting R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means " 'in violation of statute or legal regulations at a given time.' " *Id.* at ¶ 34, quoting *Black's Law Dictionary* 328 (6th Ed. 1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

**{¶9}** *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22.

**{¶10}** Appellant does not argue the trial court considered factors or considerations extraneous to those permitted by R.C. 2929.11 and 2929.12, but rather argues the trial court erred in its balancing of the sentencing factors. Appellant concedes this type of review is impermissible under *Jones*, but asks this Court to instead follow the dissenting opinion in *Jones*. This Court has previously rejected Appellant's legal argument:

> Bonnette acknowledges that *Jones* is controlling and asks that we disregard it and instead follow the dissent authored by Justice Donnelly, but we "are bound to follow the law and decisions of the Ohio Supreme Court, unless or until they are reversed or overruled. *State v. Lenior*, 5th Dist. Delaware No. 10CAA010011, 2010-Ohio-4910, 2010 WL 3921188; *Phillips v. Phillips,* 5th Dist., 2014-Ohio-5439, 25 N.E.3d 371." *Wendt v. Dickerson*, 5th Dist. No. 2017 AP 08 0024, 2018-Ohio-1034, 108 N.E.3d 1174, ¶ 30. We are therefore obligated to adhere to the decision in *Jones* and to reject Bonnette's request.

**{¶11}** *State v. Bonnette,* 5th Dist. Knox No. 23CA000009, 2023-Ohio-4430, ¶ 14.

**{¶12}** We decline to follow the dissent in *Jones*, and find we do not have the authority to reweigh the sentencing factors set forth in R.C. 2929.11 and 2929.12.

**{¶13}** Further, Appellant has not provided this Court with a transcript of the sentencing hearing. While the trial court ordered the court reporter to prepare transcripts of hearings in the instant case including the sentencing hearing on September 21, 2023, the notice filed by the court reporter indicates the transcripts from March 22, 2023; May

4, 2023; March 29, 2023; July 20, 2023; and August 17, 2023 were filed. The transcript of the sentencing hearing on September 21, 2023 was not filed with this Court, and Appellant took no steps to supplement the record. The duty to provide a transcript for appellate review falls upon the appellant, and when portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon, and has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385 (1980). Thus, even if we were to accept Appellant's argument and chose to follow the dissenting opinion in *Jones*, we would have no choice but to affirm due to the lack of a transcript of the sentencing hearing.

{¶14} The assignment of error is overruled. The judgment of the Knox County Common Pleas Court is affirmed.


By: Hoffman, J.
Gwin, P.J. and
Baldwin, J. concur